UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jose Roque | : | |
| Plaintiff, | : | |
| | : | CIVIL No. 3:16-cv-00994 (VLB) |
| v. | : | CRIMINAL No. 3:11-cr-35 (VLB) |
| | : | |
| United States of America | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OF DECISION DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [DKT. 1]

Jose Roque ("Roque"), petitions for his sentence to be vacated pursuant to 28 U.S.C. § 2255. On October 1, 2014, this Court sentenced Roque to 180 months in prison for one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) in *United States v. Roque,* case number 3:11-cr-35. The Court determined that Roque was a career criminal under the Armed Career Criminal Act ("ACCA"). [Dkt. 4 at 2-3]. Therefore, Roque was subject to an enhanced Guidelines range of 262 to 327 months, and a mandatory minimum of 180 months. *Id.* The Court sentenced Roque to 180 months of incarceration. *Id.* at 3. Roque remains incarcerated.

Roque now argues that his sentence is unconstitutional because the residual clause of the ACCA clause defining a violent felony is void for vagueness under the new rule announced in *Johnson v. United States* 135 S. Ct. 2551 (2015) and made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Roque's § 2255 Petition is DENIED for two independent reasons: because of Roque's procedural default and because the petition fails on its merits.

## I. Legal Standard for Habeas Review

Under Section 2255, a prisoner in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Graziano v. United States*, 83 F. 3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted) (cited in *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018)). Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.§ 2255(b).

"In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." *Zhang v. United States*, 506 F.2d 162, 166 (2d Cir. 2007) ("A motion under § 2255 is not a substitute for an appeal."). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuring prejudice or (2) actual innocence." *U.S. v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011); *see Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.")

## II. Background

*A. Legal Developments*

The ACCA statutorily increases the sentences of felons in possession who have been previously convicted of three or more crimes are either "violent felonies" or "serious drug offenses." The sentence enhancement provision of the ACCA provides:

> In the case of a person who violates **section 922(g)** of this title and has three previous convictions… for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under **section 922(g)**.

18 U.S.C. §924(e)(1). The ACCA defines "violent felony" for purposes of the sentence enhancement provision as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924 (e)(2)(B). Federal courts often divide this "violent felony" provision into three clauses: first, the "elements" or "force" clause, or § 924(e)(2)(B)(i), see *Welch*, 136 S.Ct. at 1261; second, the "enumerated offenses", or the part of § 924(e)(2)(B)(ii) which reads "burglary, arson, or extortion, involves use of

3

explosives," see *Johnson*, 135 S.Ct. at 2559; and finally, "the residual" or "residual acts" clause, or the part of § 924(e)(2)(B)(ii) which reads, "otherwise involves conduct that presents a serious potential risk of physical injury to another," see *Johnson*, 135 S. Ct. at 2556.

In *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). A year later, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), clarified that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."

### B. The Instant Case

On September 1, 2010, Bridgeport Police pursued a car matching the description of one used in residential robbery reported earlier that day. 11-cr-35, Trial Transcript for May 12, 2014 (Dkt. 160 at 76-88). The car was driven by Roque. *Id.* at 90-91. Upon approaching the vehicle, a police officer saw a gun handle sticking up between the center console and the front passenger seat. *Id.* at 92-93. While apprehending Roque, another police officer saw the "butt of a gun… sticking up in between the seat and the console." *Id.* at 125. Photographs of the scene show a gun in that location. *Id.* at 101-02. The firearm, a Smith & Wesson model 64-2, .38 caliber revolver, was then removed and booked into evidence. *Id.* at 102.

On February 16, 2011, a grand jury in the United States District Court for the District of Connecticut returned an indictment charging Roque with one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

4

922(g)(1) and 924(a)(2). [Dkt. 4 at 1]. Just over three years later, on May 16, 2014, a jury returned a guilty verdict on the charged count. *Id.*

On October 1, 2014, Roque was sentenced. *Id.* The Court determined that Roque was an armed career criminal based on three of his prior convictions: a January 1994 conviction for assault in the first degree, in violation of Conn. Gen. Stat. § 53a-59(a)(1); a March 1993 conviction for assault in the first degree, in violation of Conn. Gen. Stat. § 53a-59(a)(1); and a January 1994 escape charge, in violation of Conn. Gen. Stat. § 53a-169. *Id.* at 20-32. The Court determined that the two assault charges qualified as violent felonies under the force clause, *id.* at 29-24, while the escape charge qualified as a violent felony under the residual clause, *id.* at 25 (citing *United States v. Baker,* 665 F. 3d 51 (2d Cir. 2012) (holding that convictions for escape from a correctional facility or a local lock-up qualified as violent felonies under the residual clause of the ACCA)).

If Roque had not been found to be an armed career criminal, the statutory maximum punishment for the single count of conviction would have been 120 months. Having found that Roque was a career criminal under the ACCA, the Court sentenced Roque to 180 months in prison, the ACCA mandatory minimum. 11-cr-35, Sentencing Transcript for October 1, 2014 (Dkt. 163 at 69).

Roque appealed his conviction on multiple grounds. *See United States v. Roque*, 628 Fed. App'x. 65 (Mem.) (2016). On his appeal, Roque was represented by counsel. U.S.C.A. No. 14-3768, Dkt. 42 at 1. *Johnson* was decided four days after Roque filed his opening appellate brief, and the

5

Government referenced *Johnson* in its respondent's brief. *See* U.S.C.A. No. 14-3768, Dkt. No. 43 at 29 n. 1 (also available at 2015 WL 5608593) ("Roque's predicate crimes were not implicated by the recent United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the so-called 'residual clause' of the ACCA unconstitutional."). Despite having been alerted to the case, nowhere in his direct appeal did Roque argue that the residual clause of the ACCA was void for vagueness, and that therefore there was no predicate for his ACCA violation. U.S.C.A. No. 14-3768, Dkt. 42.

On January 22, 2016, the Second Circuit affirmed this Court's judgment. *Roque*, 628 Fed. App'x. at 65. Specifically, the Second Circuit held that Roque's sentence of 180 months' imprisonment did not violate the Eight Amendment's prohibition against cruel and unusual punishment because the statutory minimum under the ACCA was properly applied since Roque had multiple qualifying convictions—even if his convictions resulting from *Alford* pleas were disregarded for ACCA purposes, as he requested. *Id.* at 66-67. While noting that Roque had additional convictions, the Second Circuit specifically mentioned four convictions in its determination: a 1984 conviction for first degree assault, in violation of Conn. Gen. Stat. § 53a-59(a)(1); a 1984 conviction for first degree robbery, in violation of Conn. Gen. Stat. § 53a-134(a)(1); a 1994 conviction for first degree assault, in violation of Conn. Gen. Stat. § 53-59(a)(4), and a 1994 conviction for first degree

6

escape, in violation of Conn. Gen. Stat. § 53a-169. *See Roque*, 628 Fed. App'x. at 67.

Roque brought this habeas petition on June 21, 2016. Dkt. 1.

### III. Analysis

*A. Procedural Default*

Roque's claim that the residual clause of § 924(e)(1) is void for vagueness is procedurally barred because Roque failed to pursue the argument on direct appeal, and he pleads neither innocence nor good cause.

Roque did not argue that the residual clause of § 924(e)(1) is void for vagueness at trial or on direct appeal. In briefing and at sentencing, Roque objected that certain offenses were recklessness-based felonies, rather than violence-based felonies, and so could not be categorically used to support an ACCA finding. 11-cr-35 (Dkt. 139 at *8); 11-cr-35 (Dkt. 163 at 20 – 32). At sentencing, Roque argued that he had a "constitutional right to a jury trial on prior conviction allegations to prove whether the priors met [the] ACCA." 11-cr-35, (Dkt. 163 at 13-19). On appeal, Roque argued that he had been denied *Brady* material, and that his sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. U.S.C.A. No. 14-3768, Dkt. 42. However, nowhere on direct review did he argue that the residual clause of § 924(e)(1) is void for vagueness.

Because Roque did not argue the claim at trial or on direct appeal, it is procedurally barred unless he pleads "cause for the procedural default and ensuing prejudice or… actual innocence. *Harrington,* 689 F.2d at 129; *see Bousley*,

7

523 U.S. at 622. Roque does not argue actual innocence. Dkt. 1; Dkt. 4. Therefore, Roque's claim is barred unless he can demonstrate cause for failing to bring his current claim on direct appeal, and that he was prejudiced as a result.

For the purposes of a procedural default, "[t]he existence of cause… ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impedes counsel's efforts to comply with… the procedural rule…. [For example], that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 377 U.S. 478, 495-96 (1986) (quoted by *Bousley*, 523 U.S. at 622 (quoted by *Thorn*, 659 F.3d at 233)). In *Thorn*, the Second Circuit held that where "a number of defense attorneys had argued [for the claim]," the claim was available prior to its recognition in a Supreme Court decision. *Thorn*, 659 F.3d at 233 (citing *Engle v. Isaac*, 456 U.S. 107 (1982), *overruled in part on other grounds*, *Thompson v. Keohan*, 516 U.S. 99 (1995)).[1]

Roque does not argue that his procedural default was excused by good cause. Dkt. 1, Dkt. 4. One might question, however, whether good cause exists on the basis that *United States v. Johnson*, 135 S.Ct. 2552 (2015), the Supreme Court case underlying Roque's claim, was decided four days after Roque filed his opening

---

[1] As this holding makes clear, unavailability for the purposes of procedural default is not equivalent to unavailability as precedential authority for the sake of the 18 U.S.C. §2255(f)(3) limitations period. The fact that *Welch* establishes that the *Johnson* newly recognized that the residual clause is void for vagueness and has retroactive effect, 136 S. Ct. at 1268, has no bearing on the procedural default issue. *See Engle*, 456 U.S. at 1575n.43 (1982) (holding that respondents' argument failed because of the distinction "between the retroactive availability of a constitutional decision and the right to claim that availability after a procedural default.")

appellate brief. *Compare* U.S.C.A. No. 14-3768, Dkt. 42 at 1 (dated June 22, 2015) *with Johnson*, 135 S. Ct. 2551 (decided June 26, 2015). But lack of Supreme Court precedent for an initial appellate brief does not establish cause by unavailability.

By the time of Roque's appeal, the Supreme Court had granted *certiorari* in *Johnson*. *Johnson v. United States*, 135 S.Ct. 939 (Jan. 9, 2015) ("The parties are directed to file supplemental briefs addressing the following question: 'Whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(B)(ii), is unconstitutionally vague.'"). Petitioner Johnson and amicus National Association of Criminal Defense Lawyers had each filed briefing on the question "whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(2)(B)(ii), is unconstitutionally vague." Brief for National Association of Criminal Defense Lawyers et al., *Johnson v. United* States, 135 S. Ct. 2552 (2015) (No. 13-7120), 2015 WL 797446 (filed Feb. 25, 2015). The claim was available to Roque. His failure to raise the claim is not excused by good cause, and his petition is barred by his procedural default.

This holding is consistent with those our sister courts in the Second Circuit. *United States v. Jackson*, No. 2:08-CR-2, 2017 WL 9401119, at *5 (D. Vt. Jan. 19, 2017), *report and recommendation adopted as modified,* No. 2:08-CR-2, 2017 WL 4011238 (D. Vt. Sept. 12, 2017) (holding that defendant could not show that good cause excused his failure to pursue claim of statutory vagueness on direct appeal prior to *Johnson* decision); *United States v. Aletras,* No. 2:07-CR-141, 2016 WL 7650587, at *4 (D. Vt. Nov. 21, 2016), *report and recommendation adopted,* No. 2:07-CR-141-1, 2017 WL 57799 (D. Vt. Jan. 5, 2017) (same).

9

Moreover, even if Roque could show cause, he cannot prove he was prejudiced by failing to raise the claim on direct appeal because his claim is without merit, as discussed below.

*B. Merits*

Roque argues that his sentence should be vacated because the predicate convictions that impacted his ACCA calculations at trial—first-degree assault and escape—no longer qualify as "crimes of violence" under *Johnson.* Dkt. 1, 3-5.

First, when evaluating the merits of Roque's claim under *Johnson*, this Court looks not only to the 1993 first-degree assault and escape charges, but also to Roque's 1984 first-degree robbery and first-degree assault convictions. In his appellate brief, Roque asked the Second Circuit to disregard his convictions resulting from *Alford* pleas for the sake of determining whether he was subject to the ACCA sentence enhancement. U.S.C.A. No. 14-3768, Dkt. 42. Doing so in dicta, the Second Circuit found that the ACCA sentence enhancement still applied because Roque had at least four remaining qualifying convictions: a 1984 conviction for first degree assault, in violation of Conn. Gen. Stat. § 53a-59(a)(1); a 1984 conviction for first degree robbery, in violation of Conn. Gen. Stat. § 53a-134(a)(1); a 1994 conviction for first degree assault, in violation of Conn. Gen. Stat. § 53-59(a)(4), and a 1994 conviction for first degree escape, in violation of Conn. Gen. Stat. § 53a-169. *See Roque*, 628 Fed. App'x. at 67. Since these convictions provided additional support for Roque's sentencing enhancement, the Court looks to these convictions in addition to the convictions the trial court considered when evaluating Roque's claim under *Johnson*.

Under harmless error analysis, a sentence may be upheld if three of the convictions which originally qualified the defendant for the ACCA sentencing enhancement would still qualify as violent felonies under either the elements or the enumerated acts clauses of the ACCA. *Shabazz v. United States*, 923 F.3d 82, 84 (2d Cir. 2019) (holding that "a sentencing court's reliance on ACCA's Residual Clause… [is] susceptible to harmless error analysis" if the same sentence would be "compelled by the Force [i.e., elements] clause"); *Coe v. United States*, No. 3:00-CR-127, 2018 WL 5016994 at *7 (D. Conn. Oct. 15, 2018), *certificate of appealability denied*, No. 18-3454, 2019 WL 2152668 (2d Cir. Apr. 30, 2019) (same, applying *Johnson* to Guidelines sentence). Here, three of Roque's prior convictions still qualify as violent felonies post-*Johnson*.

A conviction is a violent felony under the elements clause of the ACCA if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(ii). For the purposes of the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. 133, 140 (2010). To determine whether a state criminal statue qualifies as an ACCA predicate offense, "courts identify the minimum criminal conduct necessary for conviction under a particular statute and look only to the statutory definitions—i.e., the elements—of the offense, and not the particular underlying facts." *Villanueva v. United States*, 893 F.3d 123, 128 (2d Cir. 2018) (citing *Descamps v. United States,* 570 U.S. 254 (2013)).

**First, Roque's 1984 and 1993 convictions for first-degree assault qualify as a violent felony under the elements clause. An offense violating the first sub-part of Connecticut's first-degree assault statute, Conn. Gen. Stat. § 53a-59(a)(1), qualifies as a "violent felony" for the purpose of the ACCA because it falls under the elements clause.** *Villanueva v. United States*, 893 F.3d 123, 124 (2d Cir. 2018) **(holding that petitioner could not state a claim under** *Johnson* **because violation of Conn. Gen. Stat. § 53a-59(a)(1) was a violent felony under the elements clause, using the modified categorical approach). A person commits a §53-59(a)(1) first-degree assault when "with intent to cause serious physical injury to another person, he causes injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." "The use of a… 'dangerous instrument'… constitutes use of physical force, for federal law purposes because the relevant force is the impact of the [instrument] on the victim, not the impact of the user on the substance."** *Villanueva*, 893 F.3d at 129. **Roque had two convictions under Conn. Gen. Stat. § 53a-59(a)(1): one in 1984 and another in 1993.[2] 11-cr-35, Final Presentence Investigation Report (Dkt. 137 at ¶¶26, 31); 11-cr-35, United States' Sentencing Memorandum (Dkt. 147, Exhibits A and C). Each of the two convictions qualifies as a violent felony under the elements clause.**

**Second, Roque's 1994 conviction for first-degree assault qualifies under the elements clause. The conviction was for violation of Conn. Gen. Stat. § 53-59(a)(4).**

---

[2] Roque's 1993 first-degree assault conviction was a result of an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25 (1970. *Alford* plea convictions can "qualify as the predicates required by § 922(g)(1)" under Connecticut law. *Burrell v. United States*, 384 F.2d 22 (2d Cir. 2004) (citing *State v. Faraday*, 842 A.2d 567, 588 (Conn. 2004) (reaffirmed in *State v. Simpson*, 189 A.3d 1215, 1219 (Conn. 2018)).

A person is guilty of assault under that statute when "with intent to cause serious physical injury to another person and while aided by two or more persons actually present, he causes such injury to such person or a third person." Conn. Gen. Stat. § 53-59(a)(4). For the purposes of the statute, "'serious physical injury' means physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ." Conn. Gen. Stat. § 53a-3(4). On its face, the statute has as an element the *use* of physical force against another, in that to be guilty, a person must directly "cause" "serious physical injury." Since "the relevant force [under the elements clause] is the impact… on the victim, not the impact of the user," §53-59(a)(4)'s requirement that the defendant "cause physical harm" constitutes the requirement that the defendant use physical force. *Villanueva*, 893 F.3d at 129. Moreover, the requirement of the causation of a serious physical injury "satisfies the ACCA requirement that the predicate offense has as an element the use of physical force that is violent." *Id.* Roque's 1994 first-degree assault conviction was under 53-59(a)(4), 11-cr-35, (Dkt. 137 at ¶¶35); 11-cr-35, (Dkt. 147, Exhibits B). Therefore, it also qualifies as a violent felony under the elements clause.

Therefore, since Roque had three ACCA predicate convictions, the ACCA sentence enhancement is mandated, and Roque's original sentence stands under *Johnson*.

## IV. Conclusion

**For the foregoing reasons, Roque's § 2255 Motion to Vacate, Set Aside or Correct Sentence is DENIED. The clerk is directed to close the case.**

                                                                  _____

                                                  **Hon. Vanessa L. Bryant**
                                                  **United States District Judge**

**IT IS SO ORDERED at Hartford, Connecticut**